IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Kimothy Randall,           )
                           )
          Petitioner,      )
                           )
     v.                    )   No. 15 C 11060
                           )
Stephen Duncan, Warden,    )
Lawrence Correctional      )
Center,                    )
                           )
          Respondent.      )

Memorandum Opinion and Order

Kimothy Randall, currently in the custody of Stephen Duncan, Warden of Lawrence Correctional center, is serving a thirty-five year sentence for first degree murder. Before me is Mr. Randall's pro se petition for a writ of habeas corpus, which I dismiss as time-barred.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitations period for state prisoners to file a writ of habeas corpus in federal court. 28 U.S.C. § 2244(d)(1). The one-year period begins to run, as relevant to the facts here, from the date on which the state judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). A properly filed application for post-

conviction relief or other collateral view filed in state court tolls the federal limitation period for the time the application is pending. 28 U.S.C. § 2244(d)(2).

Mr. Randall's conviction became final on December 29, 2009, upon the expiration of his time to file a petition for certiorari in the United States Supreme Court, i.e., ninety days after the Illinois Supreme Court denied the PLA in his direct appeal on September 30, 2009. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012). Eighty-three days later, on March 23, 2010, Mr. Randall filed a post-conviction petition, tolling the federal limitations period. That petition was dismissed on December 5, 2012. Pursuant to Ill. Sup. Ct. R. 651(b), Mr. Randall had thirty days from that date, or until January 4, 2013, to file a notice of appeal of that decision. No notice of appeal was filed by that date.

In December of 2014, Mr. Randall filed a motion for leave to file a late notice of appeal in the Illinois Appellate Court, claiming that on December 26, 2012, he had delivered to the prison's legal mail service a notice of appeal addressed to the Cook County Circuit Clerk, along with the appropriate number of copies of the notice and of his appellate brief addressed to the Appellate Court Clerk. He stated in his motion for leave that after he did not receive file stamped copies of these submissions, which he requested be returned to him upon filing,

he sent inquiries to both clerks. Mr. Randall further stated that he heard nothing in response until March and September of 2014, when the respective clerks each sent a letter informing him that there was no record of his appeal ever having been filed.

The state appellate court summarily denied Mr. Randall's motion for leave to file a late notice of appeal on February 4, 2015, and it summarily denied his petition for rehearing on March 2, 2015. Mr. Randall filed a PLA to the Illinois Supreme Court, which was denied on May 27, 2015. *People v. Randall*, 32 N.E. 3d 677 (Table). His habeas petition in this court, filed on December 8, 2015, followed.

The government argues that Mr. Randall's petition must be dismissed as time barred because the one-year limitations period, which was tolled when he filed his post-conviction petition, resumed running, at the latest, thirty days after the Illinois Circuit Court denied the petition on December 5, 2012. That is, the tolling period ended on January 4, 2013, when his time to appeal to the Illinois Appellate Court expired. With 282 days remaining on the clock from that point (the first 83 days of the one-year period having run between the time his conviction and sentence became final and the time he filed his post-conviction petition), Mr. Randall was required to file his habeas petition in this court by October 13, 2013, for it to be

3

timely under 28 U.S.C. § 2244(d). Yet he filed it more than two years later.

Mr. Randall argues that his habeas petition should be deemed timely because he allegedly delivered a notice of appeal of the circuit court's dismissal of his post-conviction petition to the prison's legal mail service on December 26, 2012. He raises two arguments in this connection. First, he asserts that his notice of appeal was timely under both *Houston v. Lack*, 487 U.S. 266 (1988) (pro se prisoner's notice of appeal deemed filed at the moment the prisoner delivers it to a prison official for mailing), and Illinois' "pro-mailing" rule (documents received and filed with the court after a deadline are deemed to have been filed on the date of mailing). Second, he argues that equitable tolling is appropriate because extraordinary circumstance prevented the timely filing of his notice of appeal. In essence, he asks me either to consider his post-conviction appeal timely filed on December 26, 2012,[1] or to consider his habeas appeal timely on equitable grounds.

AEDPA's one-year limitations period is tolled for the period during which an application for state post-conviction

---

[1] Although he does not elaborate the argument, I presume Mr. Randall asserts that if I deem his post-conviction appeal to have been timely filed on December 26, 2012, then it remained "pending" for AEDPA purposes until the Illinois Supreme Court denied, on May 27, 2015, his motion for leave to file a late appeal. But that argument is not supported by the law for reasons explained herein.

review is "pending." That period "includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." *Evans v. Chavis*, 546 U.S. 189, 191 (2006) (original emphasis). As noted above, under Illinois law, Mr. Randall had thirty days to file his notice of appeal. Ill. Sup. Ct. R. 651(b). "An application is 'filed,' as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Illinois law generally embraces this definition. *See, e.g., Knapp v. Bulun*, 392 Ill. App. 3d 1018, 1027 (Ill. App. Ct. 2009) ("To constitute filing, the document must pass into the exclusive custody and control of the clerk to be made part of the court records.").

While it is true that the *Houston* "mailbox rule" may, in some circumstances, apply to toll AEDPA's one-year limitations period, *Ray v. Clements*, 700 F.3d 993, 1002 (7th Cir. 2012), that principle does not save Mr. Randall's petition from untimeliness. First, and most importantly, Mr. Randall asserted the rule in both his motion for leave to file a late appeal and his motion for rehearing, but the state court declined his invitation to construe his appeal as timely on that basis. Indeed, the state court's summary disposition of his motion for

leave, without addressing the substantive issues raised in his appeal, suggests that it concluded the appeal was not "properly filed." *See Freeman v. Page*, 208 F.3d 572, 576 (7th Cir. 2000) ("[w]hether a collateral attack is 'properly filed' can be determined in a straightforward way by looking at how the state courts treated it. If they considered the claim on the merits, it was properly filed; if they dismissed it for procedural flaws such as untimeliness, then it was not properly filed."). Accordingly, Mr. Randall's post-conviction petition ceased to be "pending," for purposes of AEDPA, thirty days after it was denied on December 4, 2012. The one-year limitations period thus resumed on January 4, 2013, and it expired on October 13, 2013.

Even if I were to assume, however, that the Illinois courts had not already spoken on the issue of whether Mr. Randall's post-conviction appeal was properly filed, I would nevertheless conclude that the *Houston* mailbox rule does not save his habeas claim from AEDPA's time bar. In *Ray*, the Seventh Circuit explained that "[i]f the state raises an AEDPA statute of limitations defense, the petitioner must come forward with some evidence to support his claim that, with the benefit of the *Houston* mailbox rule, 365 countable days have not elapsed from the time his state-court judgment became final to the time he filed his federal habeas petition." 700 F.3d at 1008. The court went on to state that "in cases where the purported filing is

not received by the court, the petitioner must supply a sworn declaration attesting to [the who, what, when, where, how, and why of his alleged delivery to a prison official] *plus* some other corroborating evidence." *Id*. at 1011 (Original emphasis). Unlike in *Ray*, where the petitioner supported the timeliness of his habeas petition with not only a sworn affidavit, but also a copy of a certificate of service attesting to the date on which he placed the relevant state pleading in the hands of a prison official, as well as copies of his subsequent correspondence with prison officials inquiring about the status of his pleading, *see* 700 F.3d at 1038-41, Mr. Randall has neither placed in the record, nor indicated that he possesses or could produce, any evidence to corroborate the December 26, 2012, date on which he claims to have mailed his post-conviction appeal.[2] Accordingly, even if there were any possible doubt as to whether Illinois courts would consider his post-conviction appeal to have been "properly filed," I would still conclude that his habeas petition was untimely.

---

[2] Indeed, Mr. Randall did not submit even an affidavit in conjunction with his habeas petition, although his motions in state court for leave to file a late notice of appeal and for rehearing were supported by affidavits stating generally, e.g., "[o]n December 26, 2012, appellant mailed his notice of appeal to Clerk Dorothy Brown and Appellate Brief and 3 copies plus 1 copy of notice of appeal to clerk of the appellate court Steven M. Ravid." *See* DN 13-4.

Nor is equitable tolling appropriate. Although Mr. Randall evidently sent inquiries about his appeal to the state court clerks at some point, he does not indicate when he first began to investigate whether the appeal he claims to have sent was in fact filed. Moreover, even by Mr. Randall's own account, he waited over eight months to seek habeas relief in this court *after* he first learned from the Cook County Circuit Court clerk that it had no record of his notice of appeal in March of 2014. Equitable tolling of AEDPA's statutory limitations requires a petitioner to show, among other things, that "he has been pursuing his rights diligently." *Holland v. Florida*, 560 U.S. 631, 649 (2010). Yet, equitable tolling in this context is rare. *See Monroe v. Calloway*, No. 2016 WL 3181694, at *3 (N.D. Ill. Jun. 7, 2016) (Pallmayer, J.) (citing cases). Even assuming that Mr. Randall began inquiring about the status of his appeal as soon as he began to suspect that it had not been filed, he offers no explanation at all for why he waited several months to seek habeas in this court even after learning that he had no post-conviction appeal pending in state court.

For the foregoing reasons, Mr. Randall's petition for a writ of habeas corpus is dismissed as untimely. Further, I decline to issue a certificate of appealability because the record shows that Mr. Randall's petition is clearly time barred, and no reasonable jurist could conclude that dismissal of his

8

petition on that ground is erroneous. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: September 27, 2016